**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Beverly Hand, | ) | |
| | ) | Civil Action No.: 6:11-cv-00501-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| SunTrust Bank, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case arises from a dispute between Plaintiff Beverly Hand ("Hand") and Defendant SunTrust Bank, Inc. ("SunTrust") regarding SunTrust's termination of Hand's employment. Currently before the court is SunTrust's Motion to Dismiss [Dkt. No. 4] pursuant to FED. R. CIV. P. 12(b)(6) in which SunTrust asks the court to dismiss the action because Hand has failed to state a claim upon which relief may be granted. For the reason outlined below, the court grants SunTrust's motion.

**FACTUAL BACKGROUND**

Hand served as a SunTrust employee for approximately twenty-eight years and was serving as an assistant branch manager for SunTrust at the time of her termination. Hand was terminated on or about January 21, 2010, for servicing the business account of a company for which she performed part-time work. Hand alleges that the account holder asked her to refund service charges on the business account, and she subsequently called Jeff Davis, the branch manager, explaining the request and her relationship with the account holder. Hand contends that she refunded the service charges only after Mr. Davis and Steve Crow, her direct supervisor, specifically told her to refund the service charges and stop certain payments on the business

1

account. Hand alleges SunTrust is liable to her because her supervisors' negligent misrepresentations to her regarding her ability to service the business account ultimately lead to her termination for a violation of company policy. SunTrust argues Hand is barred from bringing a negligence claim by the exclusivity provision of the South Carolina Workers' Compensation Act and, alternatively, that Hand failed to state a cause of action for negligent misrepresentation.

## LEGAL STANDARD

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and

the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

**Applicability of the South Carolina Workers' Compensation Act**

SunTrust argues that Hand's cause of action for negligent misrepresentation is barred by the exclusivity provision of the South Carolina Workers' Compensation Act (the "Act"). *See* S.C. Code Ann. § 42-1-540 (1976). The exclusivity provision of the Act provides that the rights and remedies under the Act preclude recovery through any means other than the Act in cases involving personal injury or death by accident occurring in the course of employment. *See id*. (providing "[t]he rights and remedies granted by this Title . . . to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death."). The Act defines "injury" and "personal injury" to include "only injury by accident arising out of and in the course of employment." S.C. Code Ann. § 42-1-160(A). The Act further provides that stress, mental injuries, and mental illnesses arising out of the course of employment may be considered an "injury" under the Act in limited

circumstances. S.C. Code Ann. § 42-1-160(B). The Supreme Court of South Carolina has stated, "[r]ecovery under the Act is the exclusive means of settling personal injury claims which come under the Act. However, only other actions arising from personal injury or death are barred." *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 136, 417 S.E.2d 538, 540 (1992) (citations omitted).

In the instant case, Hand seeks damages associated with her termination of employment. The injury of which she complains is pecuniary in nature and not remotely related to any injury to her person. The Act's exclusivity provision and reference to "personal injury or death by accident" clearly was not intended to encompass the potential losses associated with Hand's allegations here.

In support of its argument, SunTrust asserts that courts applying South Carolina law routinely dismiss negligence-based causes of action asserted by employees against employers because such causes of action are barred by the Act's exclusivity provision. However, each of the cases cited by SunTrust involved allegations of personal injuries. *See Gardner v. Jones Apparel Group, Inc.*, C.A. No. 2:07-2783-CWH, 2008 WL 2943205 (D.S.C. July 30, 2008) (finding that employee's emotional distress and negligent supervision claims arising out of her termination related to her pregnancy were subsumed by the Act's exclusive remedy for any work-related physical or emotional injury); *Palmer v. House of Blues Myrtle Beach Restaurant Corp.*, C.A. No. 4:05-cv-3301-RBH, 2006 WL 2708278 (D.S.C. Sept. 20, 2006) (noting that "causes of action for intentional infliction of emotional distress (outrage) and negligence constitute personal injuries within the scope of the Act"); *Cason v. Duke Energy Corp.*, 348 S.C. 544, 560 S.E.2d 891 (2002) (finding that employees' claims for employer's negligence resulting in injuries from a catastrophic explosion was included in the exclusive remedy provisions of the

4

Act); *Edens v. Bellini*, 359 S.C. 433, 597 S.E.2d 863 (Ct. App. 2004) (dismissing personal representative's wrongful death claim arising from a fatal crush injury); *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478 S.E.2d 91 (Ct. App. 1997), *overruled on other grounds by Abbott v. Ltd., Inc.*, 338 S.C. 161, 526 S.E.2d 513 (2000) (dismissing employee's negligence action against manufacturer arising from injury that occurred while he unloaded truck).

In the present case, Hand has not alleged that she suffered damages as a result of a personal injury. Therefore, her negligent misrepresentation cause of action is not statutorily barred by the exclusivity provision of the South Carolina Workers' Compensation Act.

**Failure to State a Claim**

SunTrust alternatively argues that the court should dismiss Hand's negligent misrepresentation claim because she has failed to state a claim upon which relief may be granted. Specifically, SunTrust argues that Hand fails to adequately allege the necessary elements of the action. To state a claim for negligent misrepresentation, a plaintiff must allege that:

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

*Redwend Ltd. P'ship v. Edwards*, 354 S.C. 459, 473, 581 S.E.2d 496, 504 (Ct. App. 2003).

Hand alleges that she was terminated for violating company policy after her supervisors instructed her to process the offending transactions. She further alleges that the supervisors were in a superior position to know the company policies and that, because of this superior knowledge, she was justified in relying on their instructions. Under South Carolina law, "[t]here is no liability for casual statements, representations as to matters of law, or matters which plaintiff could ascertain on [her] own in the exercise of due diligence." *AMA Mgmt. Corp. v.*

5

*Strasburger*, 309 S.C. 213, 223, 420 S.E.2d 868, 874 (Ct. App. 1992) (citations omitted). Hand was an employee of SunTrust for nearly three decades and was serving in a management capacity at the time of her termination. Hand does not dispute that she was privy to the relevant company policies and could have referenced the company policies to determine whether her actions were in compliance. She cannot now claim that her reliance on her supervisors' statements was reasonable or justified in light of company policies prohibiting such transactions.[1]

SunTrust further contends that the inquiry as to whether a plaintiff has stated a proper claim for negligent misrepresentation does not end with the elements listed in *Redwend*. SunTrust argues that Hand's allegation of negligent misrepresentation is not properly asserted because, in South Carolina, negligent misrepresentation claims are proper only in the commercial context. Indeed, South Carolina courts have acknowledged the consistency with which the tort of negligent misrepresentation has been applied only to cases involving the inducement of a plaintiff to enter a contract or business transaction. *See Gilliland v. Elmwood Properties*, 301 S.C. 295, 301, 391 S.E.2d 577, 580 (1990) (noting that the general elements of negligent misrepresentation "have been applied, in every case this Court has located, to support the recognition of a negligent misrepresentation claim where the misrepresented fact(s) induced the plaintiff to enter a contract or business transaction).[2]

---

[1] SunTrust also claims that Hand has not adequately pled the first or second elements of the negligent misrepresentation cause of action. Because the court finds that Hand cannot meet the fifth element, it need not address the other elements of the claim.

[2] This court has not found and Hand does not cite any case or circumstance in which the appellate courts of South Carolina have recognized a cause of action for negligent misrepresentation in the context of an employee-employer dispute. Hand's counsel notes that he has previously received a jury verdict on a claim for negligent misrepresentation in the context of an employment termination in a case captioned *Cochran v. Bob Jones Univ.*, 2000-CP-23-4624.

SunTrust's argument on this point is appealing. Although there is no authority addressing the issue under South Carolina law, several other jurisdictions have barred negligent misrepresentation claims in the employer-employee context. *Johnson v. Delchamps, Inc.*, 897 F.2d 808, 810-11 (5th Cir. 1990) (holding that an employer could not be held liable under a negligence cause of action for discharging an at-will employee); *Snoey v. Advanced Forming Tech., Inc.*, 844 F. Supp. 1394, 1400 (D. Colo. 1994) (disallowing an employee's claim against his former employer for negligent misrepresentation); *Selby v. Delta Air Lines, Inc.*, 842 F. Supp 999 (M.D. Tenn. 1993) (finding that Tennessee law did not recognize a cause of action for negligent misrepresentation in the circumstances of a termination of employment). However, this court need not go so far as to find that negligent misrepresentation claims are so restricted under South Carolina law to resolve this case.

Instead, the court looks to the underlying nature of Hand's claims against SunTrust. Upon careful review of the allegations of the complaint, the court determines that Hand actually seeks redress for an alleged wrongful termination, albeit categorized as a negligent misrepresentation claim. Generally, absent express contractual obligations, a South Carolina employer may discharge an employee without incurring liability for good reason, no reason, or bad reason.[3]

---

The court notes that the receipt of a jury verdict in the South Carolina trial court does not, in and of itself, indicate that such a claim is recognized under South Carolina law. Furthermore, Hand has not given the court adequate information to evaluate the implications of such case in the disposition of this matter because no judgment, order, opinion, or other documentation related to counsel's prior case was provided to the court for review. *See* Local Rule 7.05(4) D.S.C. Additionally, even if the case to which counsel refers concerns circumstances analogous to the instant case, the court is neither bound by nor persuaded by the rendering of the jury verdict given that South Carolina appellate courts did not have the opportunity to pass on its validity.

[3] South Carolina's employment at-will doctrine is subject to a public policy exception. Under the public policy exception, an employee may recover for wrongful termination (1) when the employer requires the employee to violate the law, or (2) when the reason for the employee's

7

*Culler v. Blue Ridge Elec. Coop.*, 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992). Allowing Hand to proceed on a claim for negligent misrepresentation under the facts as pled in her Complaint and Amended Complaint would nullify South Carolina's employment at-will doctrine. Accordingly, the court finds that Hand has failed to state a cognizable cause of action for negligent misrepresentation under the allegations of her Complaint and Amended Complaint.

## CONCLUSION

For the foregoing reason, the court **GRANTS** Defendant's Motion to Dismiss [Dkt. No. 4].

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 4, 2012
Greenville, South Carolina

---

termination was itself a violation of criminal law. *Lawson v. South Carolina Dep't of Corrections*, 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000).